B. F. MORAN ET AL. *v.* LAUNCELOT SMITHERS ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—385.]

**Sale of Real Estate by Trustee.**

> Under the statute in this state a purchaser at a trustee's sale is not required to look to the application of the purchase-money unless the deed or devise expressly requires it.

**Construction of Conveyance.**

> Where a conveyance is made in trust for a named person and his wife for their joint lives, and then to the survivor as follows: If the wife shall survive, then to her own proper use and behoof forever; if the husband shall survive then to his use during life, "with power of disposition for his benefit and all remainder after his death as follows," naming remaindermen, it is held that something more than a life estate was intended for the husband, and that the husband had a right to have his trustee convey the land, if in the judgment of the trustee it is deemed necessary or proper to the support or maintenance of said husband after the death of his wife.

APPEAL FROM MARSHALL CIRCUIT COURT.

April 12, 1881.

OPINION BY JUDGE HINES:

Mrs. Sophrona S. Moran, being the owner and having title to a certain tract of land in Marshall county, united with her husband, who is appellant, in a deed conveying the land to Thos. F. Gobeen, Jr., "in trust," as expressed in the conveyance, "for said B. F. Moran and Sophrona S. Moran (as the same was held immediately before the execution of this instrument), for their joint lives, and then to the survivor as follows; if the said Sophrona S. Moran shall survive, then to her own proper use and behoof forever; if the said B. F. Moran shall survive, then to his use during life, with power of disposition for his benefit; and all remainder after his death as follows:" naming appellees.

The trustee, desiring to sell a portion of the land, and being in doubt as to his power under the deed, brought this action for construction. Whereupon the court below held that the deed authorized the trustee "to sell so much and only so much of the lands described therein as was or may be necessary for the reasonable maintenance of said B. F. Moran." The inquiry is as to the correctness of the interpretation.

It does not appear from the record that Moran and wife had any children, nor does it appear that the persons mentioned to take in remainder are related to either. It appears to us that the only object in view in the execution of the deed was to provide for B. F. Moran in case he survived his wife. The legal title to the land was in the wife, and without the trust deed would have remained hers absolutely; so there was no necessity for the deed, so far as she was concerned; but as to the husband, his control over the land and his right to its beneficial use would have ceased at the death of the wife, there being no tenancy by the curtesy. If the deed had gone no further than the expression "to his use during life," there would be no question that he was to have a life estate with beneficial use only, because such an expression aptly and appropriately creates a life estate, but the expression immediately following, "with power of disposition for his benefit, and all remainder after his death," etc., shows that something more than a life estate was intended.

To give the last expression effect it must be construed to mean something more than the mere use during life. "The power of disposition" must mean the right to convey, for every other power over the land, such as cultivating, renting or leasing, exists in a life estate, and, the power of disposition extending in terms to the whole land, it can not, without arbitrary interpolation, be construed to extend to only a portion of the land, if in the judgment of the trustee it is deemed necessary or proper to the support or maintenance of the cestui que trust to sell the whole. This discretion must be exercised by the trustee, at his peril, subject to liability for an intentional wrongful execution of the trust. Under any sale the trustee may make in apparent good faith the purchaser will take a perfect title as against appellant, B. F. Moran, the remainderman, or any person claiming through Mrs. Moran, and such purchaser will not be required to look to the application by the trustee of the purchase-money. Under the statute in this state a purchaser is not required to look to the application of the purchase-money unless the deed or devise expressly requires it. Gen. Stat. (1879), Ch. 113, § 23. If any of the land or its proceeds remains at the death of B. F. Moran it will go to those in remainder.

The expression, as the same was held immediately before the execution of this instrument, does not, under present circumstances,

alter the construction, because it applies to the manner of holding
and the rights of Moran and wife during "their natural lives."

Judgment *reversed* and cause remanded with directions to enter
a decree in conformity to this opinion.

*Tice & Smith, for appellants.*

*J. W. Dycus, for appellees.*